MEMORANDUM **
Chip E. Leonard appeals the district court’s order affirming the administrative law judge’s (ALJ) denial of disability benefits. We affirm in part, and reverse and remand for further proceedings.
We have jurisdiction pursuant to 28 U.S.C. § 1291. “We review de novo a district court’s order upholding the ALJ’s decision.” Hiler v. Astrue, 687 F.3d 1208, 1211 (9th Cir.2012).
Leonard asserts the ALJ failed to properly evaluate the credibility of his symptom testimony. The ALJ offered specific, clear, and convincing reasons for rejecting Leonard’s testimony regarding the severity of his symptoms, including evidence that Leonard’s symptoms improved after his surgeries and the lack of evidence of post-surgery treatment. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir.2007) (stating that if a claimant has objective medical evidence of an underlying impairment that could reasonably produce the symptoms and there is no evidence of malingering, an ALJ can reject a claimant’s testimony about the severity of symptoms only by offering specific, clear, and convincing reasons). We affirm the district court’s holding that the ALJ’s credibility determination is supported by specific, clear, and convincing reasons.
Leonard also challenges the ALJ’s determination of his residual functional capacity (RFC), specifically the ALJ’s failure to incorporate a limitation for Leonard’s *364 need to make frequent trips to the bathroom. “[A]n RFC that fails to take into account a claimant’s limitations is defective.” Valentine v. Comm’r Soc., Sec. Admin., 574 F.3d 685, 690 (9th Cir.2009).
“In determining a claimant’s RFC, an ALJ must consider all relevant evidence in the record, including ... medical records, lay evidence, and ‘the effects of symptoms ... that are reasonably attributed to a medically determinable impairment.’ ” Robbins v. Soc., Sec. Admin., 466 F.3d 880, 883 (9th Cir.2006) (quoting SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)). Even disregarding Leonard’s statements and testimony that the ALJ found overstated the intensity, persistence, and limiting effects of Leonard’s symptoms, the state agency physician’s RFC assessment supports that Leonard has a need for frequent trips to the bathroom, and Dr. Robert Campbell’s February 16, 2009, treatment note states Leonard has about five to seven bowel movements daily.
The district court erred in determining that all of Leonard’s limitations were included in the ALJ’s RFC finding. In particular, the ALJ’s RFC finding includes a limitation that precludes more than occasional use of ladders, ropes, and scaffolds. The Commissioner acknowledges that the reason for, and the symptom that justifies, the ladders, ropes, and scaffolds limitation is Leonard's need for frequent trips to the bathroom. The ALJ did not cite evidence or any other basis to conclude that the limitation included within the RFC finding was sufficient to address Leonard’s recognized need. The limitation for Leonard’s need for frequent trips to the bathroom may not be fully covered by language that solely limits Leonard’s work on ladders, ropes, and scaffolds. We reverse the district court’s determination that this limitation was included in the ALJ’s RFC assessment.
Because the ALJ’s RFC was defective, the ALJ’s use of the medical-vocational guidelines (grids) to determine that Leonard could perform a significant number of jobs was error. The grids did not take into account Leonard’s limitation that he would need frequent trips to the bathroom during the day. See Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir.1999) (explaining that the grids are appropriately used if “they completely and accurately represent a claimant’s limitations”).
It is not “clear from the record that the ALJ would be required to find the claimant disabled.” Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir.2004). The defective RFC and the erroneous use of the grids leave open the question whether Leonard is capable of performing “any other kind of substantial gainful work which exists in the national economy.” 42 U.S.C. § 423(d)(2)(A). We therefore remand this case to the district court with directions to remand this case to the Commissioner for proceedings consistent with this memorandum disposition. Each party to bear its own costs.
AFFIRMED in part, REVERSED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.